*546
 
 Ruffin, C. J.
 

 This being a plea to the jurisdiction, it properly concludes, according the precedents, with the prayer
 
 “
 
 whether the court will or ought to
 
 takq further
 
 cognizance of the plea aforesaid.” In that respect it differs from those that are, strictly speaking, pleas in abatement for matter existing at the time of action brought. Com. Dig. Abatement, D. 2. 1 Went. Pl. 49. Stephen’s Pl. 46, 394.
 

 The plea however, is bad-, as we think, in not traversing in terms,- the residence of the defendant in Warren, By the statute, Rev. St. c. 31, s. 39, this action,.which is case, may be brought in the court of the county in which- both parties reside, or, where they live in different counties; in either county, at the option of the plaintiff. The action, therefore,supposes that both or one of the parties lived in Warren, and it may be maintained there, if either of the parties did reside there. Consequently, it is the material part and point of a plea to the jurisdiction, to-deny that fact, and-so put it in issue. Whatever may be stated touching, residence in another county, is only matter of inducement. Issue cannot he taken on it, since the jurisdiction does not depend on the residence of the plaintiff in-Halifax,, or of'the defendant in Edgecomb, but of one of the other of them in Warren, and one may have fixed places of residence in more than one county, as is recognized in the act concerning executors and administrators, Rev. St. c. 46, s. 1. It is, however, a necessary part of the plea, (although it' cannot he traversed in the replication',-) in- compliance with another rule of pleading, namely, that the' plea must give the plaintiff a better writ, and tell him in what court he may properly sue. — - This plea, therefore, is-right as respects the plaintiff’s residence. It states, that
 
 he
 
 resides in Halifax, and then, “ that the said Richard was not at, &c. an inhabitant of the county of Warren, nor resided therein.” So, the plea sets out the résidence of the defendant in Edgecomb properly enough— but it omits to traverse the defendant’s residence in Warren, by averring
 
 that the defendant did not reside in Warren.
 
 Instead of that, the plea is, that the defendant “ was not an inhabitant of any other county than the said county of
 
 *547
 
 Edgecomb,” which, .no doubt, was intended as a traverse of a residence in Warren. Bat .that method of taking it is a departure from the established rules of pleading, and cannot therefore be allowed. The plaintiff could not take issue on this part of the plea, according to its terms, by replying that the defendant did live in a county other than Edgecomb, because by so doing he would admit, that he, the plaintiff, did not live in Warren, and then, if it should be found, that the defendant did live in some other county besides Edgecomb, it would not determine the question of jurisdiction, for the county of the party’s residence might be any other county, as well as Warren. Therefore, the plaintiff would be under ■the necessity of replying by way of direct averment, what in bringing the action was before supposed, namely, that the defendant
 
 did
 
 live in Warren, so as to draw the defendant to an issue by a rejoinder, that he did
 
 not
 
 live in -that comity. It is manifest, therefore, that the denial of the defendant’s residence in Warren, contained in the plea, is argumentative, and not, as it ought to be, in an absolute form, and is therefore defective. It is not bad, because it precludes the plaintiff from taking a material issue by a proper replication^ but it is bad, because the defendant has so pleaded as to prevent the issue being taken in that orderly mode and proper stage of the pleadings, which the law requires. The plea tends to perplex and draw out the pleadings to an unnecessary prolixity, by compelling the plaintiff to reply matter already supposed, for the purpose of drawing back the defendant to an issue, which is indispensable in the cause, and which the defendant had it in his power at once to tender, by a direct negative in his plea of a residence in Warren, and would not. That this absolute form of allegation or traverse, as to the material fact in the plea, is necessary, is manifest from the inspection of any record or book of precedents.— Thus, one was sued by the addition of “ broker,” and pleaded in abatement. The plea begins by stating, that the defendant is a merchant, and then proceeds, “ that he, the defendant, on, &c. was not or at, &c. has been a
 
 broker,
 
 as by the said writ is above supposed.” To that, without taking
 
 *548
 
 any notice of the inducement, that the defendant was a
 
 merchant,
 
 the replication is, “ that the said defendant, on, &c. was, &c. a broker, as by the said writ is above supposed, and this he prays may be enquired, &c.” 1 Went. Pl. 3. In like manner a plea of n-on-joiuder of a partner states, that the supposed promises were made as well by A. B. as the said C. D. the defendant, and then traverses the sole promise of the defendant by adding,
 
 “ and not by the said C. D. alone”
 
 which said A. B. is still living, &c. and the replication takes issue by saying, l! that the said promises
 
 were made by the said C. D. alone, in
 
 manner, &c. and this he prays, &c.” ' 1 Went. Pl. 16, 17. It takes no notice of A. B., whose name was only given to inform the plaintiff, against whom he should bring suit the next time, if that should be abated.
 

 PjiR. CURIAJVI. Judgment affirmed.